*OVERTON* vs. *ARCHINARD.*

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff charges that in November 1819, he sold to Pannel a plantation and negroes, for $44,000, with interest at ten per cent. a year, from the first of February 1820. A sum of $4000 being payable on the 31st of March 1820, and $40,000 on the 6th of November 1829; the interest, however, being payable yearly on the first of March, and Pannel mortgaged, among other property, a negro slave named Delphia, now possessed and claimed by the defendant—that a sum of $1,600, part of the principal and interest, is still due him—that Pannel has failed, and is since dead, and the plaintiff has a judgment against his syndics. The petition concludes with a prayer that the defendant may be decreed to pay, or that the slave be seized and

Property subject to mortgage for principal and interest of the price of a tract of land, is not subject to a demand for interest on interest growing out of a subsequent agreement of the parties.

6NS 207
113 868

sold, for the payment of the sum due, and costs.

The defendant pleaded the general issue, and called Le Gras, his vendor in warranty, who brought in Scott.

Scott pleaded the general issue and payment by Pannel in his life time.

There was judgment for the defendant, and the plaintiff appealed.

The question turns entirely on the plea of payment. That the principal is paid appears by the receipts of Overton, duly recorded or authenticated, by which he acknowledges the receipt of the sums of $4000 and 1000, on the fifth of January 1820, and $19,200 on the 10th of March, 1820, expressly as part of the principal; and $19,800 on the sixth of April, 1823, being part of the sum of 44,000 dollars, agreed to be paid by Pannel for the plantation and negroes, for the payment of which the slave was mortgaged.

As to the payment of the interest, the plaintiff's receipts are produced for four thousand five hundred dollars, and it is further shewn that the plaintiff received Pannel's obligations for 120,000 weight of cotton in 1822, payable by instalments, and the delivery of the cotton

was secured by a mortgage. The cotton is
shewn to have been worth upwards of 12,000 dollars.

On these facts, it is contended, on the part of the appellee, that the appllant is without right, and that the principal is expressly acknowledged to have been paid, and the interest was paid in part, and novated for the remainder.

It appears that the first instalment was paid on the 5th of January, and the interest was not to run until the first of February; and that on the former day the second instalment was reduced to 39,000 dollars.

That the interest on that sum, to the day of the payment of 19,000 dollars, is 2025; and the interest on the balance, 19,800 dollars, from the latter day to the last payments, April 6, 1823, two years and sixteen days, is 4043 dollars, making the aggregate of interest 6068 dollars. Of this sum, 4500 dollars appear to have been received by the plaintiff's express receipt, and the balance of 1568 dollars, is more than covered by the value of the cotton.

The appellant urges that what is done in a contrac, rather than what is said, ought to

West'n Dis't
October,1 6

OVERTON
*vs*
ARCHINAR

give the character to every one of its parts—that, although the parties have said the price was 44,000 dollars, payable, 4000 dollars on the 31st of March 1820, and 40000 on the 6th of November 1829, with interest at ten per cent. payable yearly on the 1st of March, the vendor stipulated for, and the vendee agreed to, a price of ab ut $80,000, payable 4000 in March 18 0 ; 4000 on the 1 t of March, in every year, until 1829; and 40,000 dollars on the 6th of November 1829.

It is urged that this was the intention of the parties, because it appears their calculation was made accordingly—and the interest has been calculated on the 4000 dollars called yearly interest, because the parties, by the agreement that the 4000 dollars should be demandable independantly from the principal, have made this interest principal, as it became due.

This mode of reasoning is certainly morally correct, and perhaps legally so, between the parties to the contract, who ought to comply with its stipulations in the manner in which they were conscious they were understood. But wh n the contract is to be enforced against a third party, he may refuse to be

bound by the acts of his vendor, beyond the terms consigned in the deed—and insist that they should receive a construction according to their legal import, unaffected by any arrangement of his vendor after the sale.

The mortgagor sold the slave to the person through whom the defendant mediately claims, on the 6th of December 1819, one month after she was mortgaged to the plaintiff. At that time no part of the capital or interest was payable. If three years afterwards, the mortgagor, on settling with the mortgagee, acted in such a manner as to furnish evidence that he considered himself bound to pay interest on interest, or on what he had called interest, and what we are bound to consider as such, this circumstance cannot prevent the liberation of the defendant, as soon as the mortgagee appears to have received what was legally his claim under the mortgage.

The vendee of land and negroes, neglecting to pay the price on the day stipulated, is liable to pay interest, although the contract be silent on this head ; but no interest is due for a delay in paying that interest. His specific agreement may bind him to more than legal interest, as to a payment of interest indepen-

West'n Dis'ct
October 1826

OVERTON
vs.
ARCHINARD.

dant of the principal ; but it never can render that interest, an i dependant part of the price demandable as such, eve if the vendor, not choosing to avail himself of the delay, effects the payment before.

In the present case, there cannot be any doubt that the plaintiff's receipt for $44.000 would have prevented the demand of any part of the yearly payment of $4000, for interest accruing after the payment.

We think the defendant has clearly shewn that the whole price and interest, according to the legal construction of the deed of sale, has been paid or novated, and that therefore the mortgaged slave is liberated from any claim of the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Oakley* and *Rost* for the plaintiff, *Scott* for the defendant.